OPINION
{¶ 1} Aaron Matthew Goff ("Aaron") was born on September 4, 1999. Aaron's mother, Shenna Goff, was approximately sixteen and one-half years of age at the time of Aaron's conception. The biological father of Aaron is John Goff, Shenna's stepfather. Shenna resided with her mother, Narda Goff, and her stepfather when Aaron was conceived. Shenna claimed that the pregnancy was a result of an artificial insemination procedure that was inflicted upon her by her mother and stepfather.
 {¶ 2} On or about February 8, 2001, the Portage County Department of Job and Family Services ("PCDJFS") filed a complaint against Shenna Grimm and John Goff (putative father) as parents of Aaron. The complaint alleged that Aaron was a dependent child. The following day, the court held a shelter care hearing wherein the magistrate found that there were no appropriate relatives for placement and placed Aaron in the interim predispositional custody of PCDJFS. On March 6, 2001, the court conducted an adjudicatory hearing during which the parties stipulated that Aaron was a dependent child and that there were no appropriate relatives for placement at that time.
 {¶ 3} Several other parties moved to intervene in the action including appellants, Harold and Leota Goff ("appellants"), John Goff, and Aaron's maternal grandmother, Narda Goff. Appellants grounded their motion to intervene upon Civ.R. 24(A)(2). In order to premise intervention upon Civ.R. 24(A)(2), a party must demonstrate an interest in the underlying subject of the action. Appellants claimed interest in Aaron's custody, alleging that unless they were made parties to the action, their ability to protect that interest would be impaired or impeded.
 {¶ 4} At the August 7, 2001, dispositional hearing, the court granted John Goff's motion to intervene, but denied appellants' and Narda Goff's motions to intervene. In the meantime, John Goff was charged with several sexually related criminal offenses arising out of the underlying circumstances of Aaron's conception.
 {¶ 5} Appellants filed objections to the magistrate's decision alleging the court abused its discretion when it denied their motion. In his August 23, 2001, supplemental findings, the magistrate found that the motion to intervene was not well taken and expressed his concern regarding the "complex issues" the child would face were appellants involved in the case. After a hearing on the objections to the magistrate's decision, the court adopted the decision in its November 2, 2001 journal entry. In sum, the court held that it was not in the best interest of the child for appellants to intervene. Appellants now appeal the denial of their motion to intervene in Aaron's case.[1]
 {¶ 6} Before we reach the substance of appellants' argument, we must address an important threshold issue briefed by appellee; namely, whether the trial court's denial of appellants' motion to intervene was a final appeallable order.
 {¶ 7} As indicated in footnote 1, the permanent custody hearing on which this appeal is premised concluded with the trial court's May 9, 2003, order placing Aaron Goff in the permanent custody of PCDJFS. As such, the basic concern with intervention has been rendered ostensibly moot.[2] A case is moot, "when the resolution of the issues presented is purely academic and will have no practical effect on the legal relations of the parties." Allstate Ins. Co. v. Long, 11th Dist. Nos. 2001-P-0038 and 2001-P-0039, 2003-Ohio-61 at ¶ 18, citing Wagner v.Cleveland (1988), 62 Ohio App.3d 8, 13. Under the circumstances, appellants' ability to intervene in the underlying case is moot because the substantive proceedings into which appellants sought to intervene have concluded.
 {¶ 8} It is well established that courts do not have jurisdiction to consider moot issues; rather, courts decide actual cases in controversy. Carver v. Deerfield Twp. (2000), 139 Ohio App.3d 64, 77. However, a court is vested with jurisdiction to address moot issues when such issues are capable of repetition, yet evade review. Deluca v.Aurora (2001), 144 Ohio App.3d 501, 508. "A court is also vested with jurisdiction to address moot issues when those issues concern an important public right or a matter of great public or general interest." Id., citing In re Suspension of Huffer from Circleville High School
(1989), 47 Ohio St.3d 12, 14. An appellate court is therefore vested with jurisdiction to review moot issues provided such exceptions apply. Id., citing Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28,30. Insofar as the current issue regarding the denial of appellants' motion to intervene is capable of repetition, we have jurisdiction to review the matter.
 {¶ 9} In light of this analysis, however, appellee argues that the order denying appellants' motion to intervene is not a final appeallable order. In support, appellee cites R.C. 2505.02(B)(1) which provides, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" Appellee concedes that the current matter is a special proceeding; however, appellee contends that appellants' claim fails to affect a substantial right because appellants have no right to intervene grounded in, "the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure * * *." See R.C. 2505.02(A)(1). As such, appellee suggests that this court is without jurisdiction to hear the current appeal. We disagree.
 {¶ 10} Although R.C. 2505.02(A)(1) identifies various sources from which "substantial rights" issue, the Supreme Court of Ohio has also stated an order affects a substantial right if it would foreclose appropriate relief in the future. Montecalvo v. Montecalvo (1999),126 Ohio App.3d 377, 379, citing, Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63. Put differently, an order affects a substantial right if it completely takes away a party's right to litigate the point to which they are objecting. A finding that the current order was not a final appeallable order would foreclose appellants only opportunity to be included in the underlying action involving their grandchild. In sum, the order denying appellants' motion to intervene involves a "special proceeding" and affects a substantial right. Therefore, the order denying appellants' motion to intervene is a final appeallable order.
 {¶ 11} With this in mind, we shall address the merits of appellants' claim that they were prejudiced by the court's denial of their motion to intervene. When reviewing an order which denies a motion to intervene, the issue is whether the trial court abused its discretion.Peterman v. Pataskala (1997), 122 Ohio App.3d 758, 761. Abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias." Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256.
 {¶ 12} Former Juv.R. 2(X), now Juv.R. 2(Y), states that one is a "party" to juvenile proceedings if he or she is a:
 {¶ 13} "child who is the subject of the juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
 {¶ 14} Under this definition, appellants are not "parties" to the underlying juvenile proceedings. However, a juvenile court may use Civ.R. 24 as a guide to the exercise of its discretion for joining parties under Juv.R. 2(X). In re Byerly (Sept. 30, 1998), 11th Dist. Nos. 97-P-0096 and 97-P-0097, 1998 Ohio App. LEXIS 4630, at 11. Civ.R. 24(A)(2) requires a party to demonstrate an interest in the proceedings before he or she is permitted to intervene as of right. In the current matter, appellants maintain they have an interest in the custody of Aaron that would be impaired and not adequately represented by existing parties. Although appellants state an interest in the proceedings into which they seek intervention, they do not explicate how their interest necessarily corresponds with Aaron's best interests.
 {¶ 15} At common law, grandparents had no legal rights of access to their grandchildren. In re Whitaker (1988), 36 Ohio St.3d 213, 214. Moreover, grandparents have no current constitutional right of association with their grandchildren. See In re Schmidt (1986),25 Ohio St.3d 331, 336. However, intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have alegal right to or a legally protectable interest in custody orvisitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these circumstances are present, a denial of the grandparents' motion to intervene would constitute an abuse of discretion. See, Id.
 {¶ 16} None of the litany of circumstances listed above applies to the current case. Although appellants assert that the court would be unable to determine Aaron's best interest without their presence, they fail to state how their presence is a necessary condition for the court's determination of his best interests. Further, with respect to custody proceedings, a court is required to join only those parties with colorable rights to custody or visitation. In re Hoffman, 5th Dist. Nos. 2002-CA-0419 and 2002-CA-0422, 2003-Ohio-1241, at ¶ 22. In the current matter, there is no evidence to reasonably indicate that appellants have a right to custody or visitation with Aaron. In particular, appellants never obtained, prior to their motion to intervene, through statute, court order, or other means, any legal right to custody or visitation with their grandson. Moreover, they have no legal interest in the case which would allow them to intervene as of right pursuant to Civ.R. 24(A). Although their asserted interest in Aaron's custody is, in all likelihood, one based in a concern for his welfare, such a concern cannot be construed as a legal interest which falls within the ambit of Civ.R. 24(A) any more than the desire for custody could be construed as a legal right to custody. Id., at ¶ 23.
 {¶ 17} Moreover, in his August 23, 2001, findings, the magistrate indicated (as did the court in its November 1, 2001, journal entry) that appellants' motion to intervene was denied due to existence of complex issues regarding the child.[3] Nevertheless, appellants note, "[i]n considering the best interests of Aaron Goff the [t]rial [c]ourt has the discretion to review the familial input of the grandparents and to determine whether the best interest of the child would be served by some type of continued relationship with them."
 {¶ 18} Although the court has the discretion to review familial input, its failure to do so can be disturbed only by an abuse of that discretion. That said, during the hearing on objections to the magistrate's decision, the court indicated its problem with appellants intervention. Although the court's statements are ostensibly directed at both appellants' motion for permanent custody and their motion to intervene, its concerns are patent. Specifically, the court stated, "[t]his child cannot be with Harold and Leota Goff at this time because of the issues that are pending in regards to their son and daughter-in-law in Summit County." The court continued:
 {¶ 19} "it makes no sense to put this child in [appellants'] home while these things are pending against their son. It makes no sense to do that because [Aaron] may have to come out of that home because [their son] may be determined by a jury in Summit County to be either a rapist, a sexual batterer, or a child endangerer or he may be acquitted. But now is not the time for involvement with [appellants] * * * [T]his whole case is about [Aaron's best interests]. It doesn't have anything to do with [appellants]. It has everything to do with Aaron Goff and Aaron Goff's life as he understands it at age two (2)."
 {¶ 20} Moreover, in its journal entry, the trial court concludes: "[b]ecause of the difficult and complex issues facing the child * * * and his mother, * * * as they relate to John T. Goff's participation in the conception of the child, it is not in the best interests of the child to have the paternal grandparents participate in this case at this time." Even were we to ignore appellants' failure to assert a sufficient evidence to intervene as of right, the trial court offered a rational justification for overruling appellants' motion to intervene. Therefore, appellants' sole assignment of error is overruled and the order overruling appellants' motion to intervene is affirmed.
Donald R. Ford, P.J., and William M. O'Neill, J., concur.
[1] On May 9, 2003, the Portage County Court of Common Pleas ordered Aaron into the permanent custody of PCDJFS. We shall address the implications of the final disposition in the discussion which follows.
[2] This issue is ostensibly moot because its resolution will not have any bearing on the court's decision awarding permanent custody to PCDJFS. That is, the trial court, after denying appellants' motion and granting temporary custody to PCDJFS, began a permanent custody proceeding under a different case number. To the extent that appellants raised a timely objection to the magistrate's denial of their motion to intervene, their appeal of this denial is properly before this court. However, under R.C. 2151.353(F), "[a]ny temporary custody order * * * shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care * * *." The conclusion of this one year period is known as the "sunset date." Pursuant to R.C. 2151.353(G)(1)-(3), a party may seek up to two 6 month extensions to the one year sunset date. In the current matter, PCDJFS filed its complaint on February 8, 2001. On May 2, 2003, a hearing was held regarding Aaron's permanent custody. On May 9, 2003, the court awarded permanent custody to PCDJFS. There is no evidence that appellants requested a stay of the proceedings; moreover, it appears that both extensions were granted to the extent that the hearing occurred more than two years after the initial complaint. As such, by statute, the lower court was obligated to have a hearing on Aaron's permanent custody.
[3] During the proceedings, the court was unclear as to appellants' biological relationship with Aaron. To wit, at the hearing on the motion to intervene the court stated: "So, that we're all real clear on what that relationship is biologically and I guess I'm not really sure whether I should say they're the grandparents or the great grandparents of this child. It must be perplexing for them too." To which appellant's attorney replied: "They thought they were the great grandparents up until February of this year. Oh, okay, I'm sorry, June of this year, your honor." From this, a fragmented discussion occurred on record underscoring the confusing nature of appellants' formal biological relationship with Aaron.