OPINION
{¶ 1} Appellant, Gaylene Howser ("Gaylene"), appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court dismissed Gaylene and her husband, Thomas Howser, as parties to this matter. The underlying action before the trial court is a motion for permanent custody of her grandchild, Hope Walker, filed by appellee, Ashtabula County Children Services Board.
 {¶ 2} This case concerns the procedure for a grandparent, who was made a party to a permanent custody proceeding pursuant to Juv.R. 2(Y), being removed as a party following the parent reaching the age of majority. The following facts are relevant to a determination of this appeal.
 {¶ 3} Hope Walker was born in November 1999. Hope's mother, Tanna Howser ("Tanna"), was fifteen years old at that time. Johnny Walker, the alleged father of Hope, has not been actively involved in the court proceedings. Gaylene Howser ("Gaylene") is Hope Walker's maternal grandmother.
 {¶ 4} Shortly after Hope's birth, appellee was granted temporary custody of her. There were concerns about Tanna's ability to care for Hope, due to Tanna's age. Another concern was the allegation that Tanna is mild to moderately mentally retarded.
 {¶ 5} Gaylene has been a party to this action from its inception. While the record does not specifically state the reason Gaylene was made a party, it was presumably pursuant to Juv.R. 2(Y), due to Tanna's age when Hope was placed in the temporary custody of appellee.
 {¶ 6} Appellee filed a motion for permanent custody of Hope. A hearing was held before a magistrate. Following the hearing, the magistrate issued a decision recommending the granting of appellee's motion for permanent custody. On September 3, 2002, the trial court granted appellee's motion.
 {¶ 7} Tanna, Gaylene, and Kim Johnson, Tanna's legal custodian, appealed the trial court's September 2002 judgment entry to this court. In Tanna's appeal, this court reversed the judgment of the trial court and remanded the matter for further proceedings due to inadmissible hearsay statements in Dr. Patricia Gillette's testimony and report, which was admitted as an exhibit.[1] Due to our reversal in Tanna's appeal, Gaylene's appeal was also reversed and remanded.[2]
Likewise, Kim Johnson's appeal was reversed and remanded due to the disposition in Tanna's appeal.[3]
 {¶ 8} On remand, the trial court conducted a partial hearing in an attempt to correct the hearsay problem. Thereafter, in December 2004, the trial court again granted appellee's motion for permanent custody. Gaylene and Tanna appealed the trial court's December 2004 judgment entry to this court. In July 2005, this court reversed the trial court's December 2004 judgment entry and remanded the matter for an entirely new, de novo, hearing.[4]
 {¶ 9} After the matter was remanded to the trial court, appellee filed a motion to remove Thomas and Gaylene Howser as parties to this matter. Appellee cited language in this court's July 2005 opinion that the "trial court's determination of appellee's motion should be based on the status of the parties, including their current ages, at the time of the de novo hearing."[5] Appellee argued that since Tanna is over the age of majority, Thomas and Gaylene Howser were no longer necessary parties.
 {¶ 10} Gaylene filed a motion in opposition to appellee's motion to remove her as a party. She argued that she was a necessary party to the action, pursuant to Juv.R. 2(Y), because Hope was removed from Tanna when Tanna was under eighteen years old. On August 12, 2005, the trial court issued a judgment entry granting appellee's motion and removing Thomas and Gaylene Howser as parties to the case. The trial court did not articulate its reasons for granting the motion in its judgment entry.
 {¶ 11} Michael and Angela Williams are Hope's foster parents. On September 20, 2005, the Williams filed a motion to intervene and be joined as parties. The Williams argued that they wished to be heard in this case because they were the primary caregivers for Hope since 1999 and the outcome of the permanent custody hearing would affect "their pending adoption" of Hope. On September 23, 2005, the trial court granted the Williams' motion to intervene, pursuant to Juv.R. 2, for "good cause shown."
 {¶ 12} Gaylene timely appealed the trial court's August 12, 2005 judgment entry to this court. Appellee filed a motion to dismiss Gaylene's appeal for lack of a final, appealable order. In a December 15, 2005 judgment entry, this court denied appellee's motion to dismiss the appeal. This court held that the trial court's dismissal of Gaylene as a party was a final, appealable order.
 {¶ 13} We note that Thomas Howser has not appealed the trial court's judgment entry removing him as a party. Therefore, the trial court's judgment will stand as it relates to Thomas, and it will only be considered on appeal as it relates to Gaylene.
 {¶ 14} Gaylene raises the following assignment of error:
 {¶ 15} "The trial court abused its discretion, removing maternal grandmother as a party."
 {¶ 16} The Supreme Court of Ohio has recognized the importance of parents' rights to raise their children. "`Permanent termination of parental rights has been described as "the family law equivalent of the death penalty in a criminal case." * * * Therefore, parents "must be afforded every procedural and substantive protection the law allows."'"[6]
 {¶ 17} The importance of parental rights is reflected in the Juvenile Rules. Juv.R. 2(Y), defining who is a party in juvenile court proceedings, requires the grandparents of a child to be made parties to an action where a children services agency seeks to terminate the parental rights of a minor parent. Specifically, the rule provides:
 {¶ 18} "`Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."
 {¶ 19} Clearly, if the parent is over eighteen years old when the case begins, the grandparents are not required parties under Juv.R. 2(Y). Likewise, if a matter is entirely determined prior to the parent's eighteenth birthday, the grandparents are necessary parties for the entire proceeding.
 {¶ 20} When, as in this case, the minor parent's eighteenth birthday occurs while the case is pending, the issue is less clear. Therefore, the relevant question is at what point in the timeline of a case is the mother's age observed to determine whether the grandparent(s) should be made, or remain, parties. Gaylene argues that the determination is made when the action originates and that the grandparent should remain a party to the action throughout the proceeding. Appellee argues that the grandparents cease to be parties once the mother reaches her eighteenth birthday.
 {¶ 21} Neither party has cited any case law directly addressing this legal issue. In addition, our research has not uncovered a case that has directly addressed this issue.
 {¶ 22} A "trial court's determination whether to include a person as a party will not be reversed absent an abuse of discretion."[7] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[8]
 {¶ 23} Pursuant to Juv.R. 2(Y), grandparents shall automatically be made parties to the action if they are the parents of a parent who is under eighteen years old. Upon the parent reaching her eighteenth birthday, the grandparents are not automatically removed. Rather, they remain parties to the proceeding until the trial court removes them. We believe the appropriate method to address this concern is that which occurred in this case. Any party may file a motion with the juvenile court to remove the grandparents as parties to the case following the mother's eighteenth birthday.
 {¶ 24} Our rationale for this holding is the language of Juv.R. 2(Y), that "any other person specifically designated by the court" can be a party. Thus, while the grandparents are necessary parties prior to the mother's eighteenth birthday, they remain discretionary parties following the mother's eighteenth birthday.
 {¶ 25} The majority of cases that address the discretionary status of grandparents in cases involving the termination of parental rights do so when determining whether the trial court properly ruled on a motion to intervene.[9] In these cases, the grandparents were not previously parties to the action.[10] Since the matter inherently involved intervention, courts have held that Civ.R. 24 may be used when considering whether an individual should be made a party under Juv.R. 2(Y).[11]
 {¶ 26} In addressing the issue of grandparents in these types of cases, this court adopted the following portions of Chief Justice Celebrezze's concurring opinion in State v. Schmidt and held:
 {¶ 27} "[I]ntervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legalright to or a legally protected interest in custody orvisitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these factors are present, a denial of the grandparents' motion to intervene would constitute an abuse of discretion."[12]
 {¶ 28} We believe a different standard is required when determining whether to remove a party than that which is utilized when determining whether to add a party. When a party seeks permissive intervention, he is asking the court to be made a party. At that point, the prospective party has no legal interest in the proceeding. In addition, the prospective party bears the burden of demonstrating why he should be made a party. However, the Juvenile Rules have deemed the inclusion of grandparents mandatory when the respective parent is less than eighteen years old. As they are already parties, they have a vested interest in the proceedings. Thus, the burden should fall on the party seeking to remove the grandparents to demonstrate why they should no longer be parties.
 {¶ 29} Thus, after reviewing the relevant case law and Juv.R. 2(Y), we believe the following guidelines are appropriate in these circumstances:
 {¶ 30} When ruling on a motion to remove grandparents after the parent of a child who is the subject of a permanent custody proceeding reaches the age of majority, the following factors should be considered: (1) the involvement of the grandparent(s) in the case to that point, (2) the legal and familial relationship between the grandparent(s) and the child, both before and after the child was placed in the temporary custody of the children services agency, (3) the degree to which the child and/or the parent would be prejudiced by the grandparent(s) removal, and (4) the status of the case at the time the motion to remove the grandparent(s) was filed. If a trial court applies these factors, its decision will not be reversed by a reviewing court unless the trial court's decision constitutes an abuse of discretion.
 {¶ 31} The trial court did not provide any reasoning in its judgment entry when it removed Gaylene as a party. Thus, the trial court's judgment entry, standing alone, does not provide an adequate basis for this court to determine whether the trial court abused its discretion. However, there is one additional factor that needs to be addressed. The trial court joined the foster parents as parties shortly after dismissing Gaylene and her husband as parties.
 {¶ 32} The decision to allow foster parents to intervene in a permanent custody proceeding is left to the discretion of the trial court and will not be reversed by a reviewing court unless there is an abuse of discretion.[13] However, courts have cautioned against the involvement of foster parents at a permanent custody level. Permanent custody hearings are not designed to be adoption proceedings. Rather, "the focus of a permanent custody proceeding is whether parental rights should be terminated."[14] In addition, "`Ohio courts have held that foster parents have no cognizable liberty or property interests in a child's custody such as warrants intervening in permanent custody proceedings.'"[15] The rationale for this holding is that only private child placing agencies and public children services agencies have standing to obtain permanent custody under the relevant statutes.[16]
 {¶ 33} We offer no opinion as to whether the trial court abused its discretion when it permitted the Williams to intervene. It is the cumulative result of the trial court's actions that troubles this court. Both the decision to allow the Howsers to remain as parties and the decision to allow the Williams to be joined as parties fell within the discretion of the trial court. However, the trial court removed the Howsers (parties opposed to the granting of appellee's motion for permanent custody) and added the Williams (parties in favor of granting appellee's motion). The trial court provided no reasoning in support of either decision. The collective nature of the trial court's decisions regarding the Williams and the Howsers was arbitrary. As such, the trial court abused its discretion by removing Gaylene Hoswer as a party to this matter.
 {¶ 34} We will now independently apply the above factors to the case sub judice to determine whether Gaylene should remain as a party to this proceeding.
 {¶ 35} The first factor to be considered is Gaylene's involvement in the proceedings prior to the time appellee's motion to remove her was filed. Gaylene was significantly involved in the proceedings up to the point appellee's motion was filed. She actively participated in both of the evidentiary hearings before the magistrate. She filed objections to the magistrate's decision. Finally, on two occasions, she filed notices of appeal to this court. This factor weighs in favor of Gaylene remaining a party to the action.
 {¶ 36} The second factor is a consideration of Gaylene's relationship with Hope. Hope was placed in the temporary custody of appellee shortly after her birth. Gaylene asserts that she has visited with Hope following her placement. Therefore, we will assume that Gaylene has some degree of familial relationship with Hope. However, Gaylene does not allege, nor does the record demonstrate, that she has a legal relationship with Hope such as custodian or guardian. The second factor weighs in favor of removing Gaylene as a party to this proceeding.
 {¶ 37} The third factor is the prejudice to Tanna and Hope that could arise by dismissing Gaylene as a party to this matter. Tanna was represented by counsel. Accordingly, her interests will continue to be represented in the proceedings should Gaylene be removed. However, appellee's motion for permanent custody alleges that Tanna has developmental difficulties. Permitting Gaylene to remain a party in the case is an additional safeguard for Tanna's interests.
 {¶ 38} Also, the Williams have been added as parties to this action. Thus, in addition to appellee, another party will be presenting evidence in an attempt to demonstrate why Tanna's parental rights should be terminated. Thus, removing Gaylene has potential to prejudice Tanna and Hope, as there are now multiple parties seeking to permanently sever their relationship, and one less party advocating that it be maintained. Permitting Gaylene to remain as a party will permit an additional party to be in Tanna's corner, supporting her opposition to appellee's motion for permanent custody. This is entirely appropriate in light of the trial court's decision to join the Williams as parties.
 {¶ 39} The potential prejudice to Tanna and Hope by removing Gaylene weighs heavily in favor of keeping her as a party to this action.
 {¶ 40} The fourth factor is the status of the case at the time appellee's motion was filed. At the point the trial court dismissed Gaylene, this court had remanded the matter for a de novo hearing. Therefore, Tanna, who was over the age of majority, was facing a permanent custody proceeding from the very beginning. Standing alone, this factor would weigh in favor of removing Gaylene as a party.
 {¶ 41} There are compelling reasons in support of both sides of the argument as to whether Gaylene should remain as a party to this matter. However, the factors in support of her remaining as a party outweigh those calling for her removal. Specifically, the significant level of Gaylene's involvement in the prior proceedings and the fact the trial court joined the foster parents as parties support the conclusion that Gaylene should remain a party to this action.
 {¶ 42} Gaylene's assignment of error has merit.
 {¶ 43} The judgment of the trial court is reversed. This matter is remanded to the trial court for the trial court to vacate its judgment entry removing Gaylene Howser as a party to this matter.
O'Toole, J., concurs with Concurring Opinion,
Grendell, J., dissents with Dissenting Opinion.
[1] In re Walker, 11th Dist. No. 2002-A-0089, 2003-Ohio-799.
[2] In re Walker, 11th Dist. No. 2002-A-0087, 2003-Ohio-798.
[3] In re Walker, 11th Dist. No. 2002-A-0090, 2003-Ohio-795.
[4] In re Walker, 162 Ohio App.3d 303, 2005-Ohio-3773, at ¶48.
[5] Id. at ¶ 47.
[6] In re Hoffman, 97 Ohio St.3d 92, 2002-Ohio-5368, at ¶ 14, quoting In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting Inre Smith (1991), 77 Ohio App.3d 1.
[7] Christopher A.L. v. Heather D.R., 6th Dist. No. H-03-040,2004-Ohio-4271, at ¶ 11, citing In re Parsons (May 29, 1996), 9th Dist. No. 95CA006217, 1996 Ohio App. LEXIS 2268.
[8] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[9] See In re Goff, 11th Dist. No. 2001-P-0144,2003-Ohio-6768, at ¶ 3; In re Jones-Dentigance, 11th Dist. No. 2005-P-0058, 2005-Ohio-5960, at ¶ 1; and In re C.M., 9th Dist. No. 21720, 2004-Ohio-1984, at ¶ 1.
[10] Id.
[11] (Citations omitted.) See In re Goff, supra, at ¶ 14; andIn re C.M., supra, at ¶ 20.
[12] (Emphasis in original.) In re Goff, 2003-Ohio-6768, at ¶ 15, citing In re Schmidt (1986), 25 Ohio St.3d 331, 338
(Celebrezze, C.J., concurring.)
[13] In re Franklin (1993), 88 Ohio App.3d 277, 280-281.
[14] In re Fell, 5th Dist. No. 05 CA 9, 2005-Ohio-5299, at ¶ 15, citing In re Schmidt, supra.
[15] In re Fell, at ¶ 15, quoting In re Thompson (Apr. 18, 1995), 10th Dist. Nos. 94APF08-1144 94APF08-1145, 1995 Ohio App. LEXIS 1657, at *11.
[16] Id.