{¶ 49} This court has previously held that a juvenile court has "broad discretion" under Juv.R. 2(Y) to determine those persons who are properly considered parties in a proceeding before it. In re Byerly (Sept. 30, 1998), 11th Dist. Nos. 97-P-0096 and 97-P0-097, 1998 Ohio App. LEXIS 4630, at *11. Today's decision creates, ex nihilo, a four factor test for a juvenile court to apply "when ruling on a motion to remove grandparents after the parent of a child who is the subject of a permanent custody proceeding reaches the age of majority." The majority, applying the test it just created to the facts of this case, concludes that the juvenile court erred in removing the grandparents, although "compelling reasons" exist for doing so, and proceeds to substitute its judgment for that of the court below. I respectfully dissent.
 {¶ 50} There are two grounds for dissenting from today's decision. The first is that the removal of Gaylene Howser is the direct result of this court's own instructions to the juvenile court in the immediately preceding remand of this matter. The second is that Gaylene Howser has no cognizable legal interest in these proceedings. For both of these reasons, Gaylene is not a proper party in this matter.
 {¶ 51} Appellant, Gaylene, is the mother of Tanna Howser and, through Tanna, grandmother of Hope Walker. Hope was conceived when Gaylene's husband allowed Johnny Walker, a twenty-seven-year-old then living with the Howsers, to sleep with Tanna. Tanna was fifteen-years-old at that time and mentally retarded. In re Walker, 11th Dist. No. 2002-A-0089, 2003-Ohio-799, at ¶¶ 2-4. Hope Walker was removed from Gaylene's household on November 1, 1999, when she was eleven days old. On February 2, 2000, Tanna was removed from Gaylene's household when it was discovered that Gaylene and her husband continued to allow Johnny Walker to reside at their home. In March 2001, Kim Johnson became Tanna's legal custodian. Id. at ¶ 5.
 {¶ 52} Gaylene was initially made a party to these proceedings in accordance with Juv.R. 2(Y), which defines a "party" to include grandparents, "if the parent of a child is a child." It is uncertain why Gaylene remained a party to these proceedings after she lost custody of Tanna, as Tanna was represented by both her own attorney and a guardian ad litem. Kim Johnson retained independent counsel and advocated for Tanna's interests by seeking custody of Hope.
 {¶ 53} In the immediately preceding appeal of this matter, this court reversed the juvenile court's judgment granting permanent custody of Hope to the Ashtabula Children Services. The lower court was instructed, on remand, to hold a de novo hearing on Children Services' motion to terminate parental rights "basedon the status of the parties, including their current ages, atthe time of the de novo hearing." In re Walker,162 Ohio App.3d 303, 2005-Ohio-3773, at ¶ 47 (emphasis added).
 {¶ 54} Considering the status of the parties, based on their current ages at the time this case was remanded, Tanna is in her twenties. Accordingly, the sole reason why Gaylene was initially made a party to the proceedings no longer exists. Tanna is no longer a minor and Gaylene does not meet the definition of a party pursuant to Juv.R. 2(Y). The majority today is reversing the juvenile court for complying with this court's instructions.
 {¶ 55} If Gaylene were able to demonstrate alternative grounds for her continued participation in these proceedings as a party, she would be allowed to remain a party. However, there is no justification to continue Gaylene's status as a party.
 {¶ 56} In In re Goff, 11th Dist. No. 2001-P-0144,2003-Ohio-6768, this court addressed the issue of when grandparents are entitled to participate as parties in their grandchild's permanent custody proceeding. In Goff, we noted that, at common law, grandparents have no legal right of access to their grandchildren, that grandparents have no constitutional right of association with their grandchildren, and that a court is required to join in custody proceedings "only those parties with colorable rights of custody or visitation." Id. at ¶¶ 15-16 (citations omitted). We concluded that "intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legal right to or a legallyprotectable interest in custody or visitation with their grandchildren, where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild." Id. at ¶ 15 (emphasis sic).
 {¶ 57} In the present case, Gaylene has no legally protectable interest in the custody of or visitation with Hope. Gaylene has never exercised parental control over Hope or assumed parental duties for the benefit of Hope. To the contrary, it was the unsuitable and inappropriate condition of Gaylene's household that led to the removal of both Hope and Tanna.
 {¶ 58} The majority finds that Gaylene has a "vested interest" in these proceedings by virtue of her prior participation. Mere participation in a legal proceeding does not create a "vested interest" in the outcome of that proceeding without there being some legally cognizable interest in the first place. The majority does not elaborate on what the nature of this "vested interest" might be. Gaylene cannot expect to obtain or to lose anything from these proceedings relative to her legal rights. Her interest is wholly personal and her prior participation in these proceedings dubious, in light of the fact that she was not Tanna's legal guardian.
 {¶ 59} Apart from the fact that Gaylene was previously permitted to participate in these proceedings, the majority's decision is based on "the prejudice to Tanna and Hope that could arise by dismissing Gaylene as a party to this matter." According to the majority, "the potential prejudice to Tanna and Hope by removing Gaylene weighs heavily in support of keeping her as a party to this action." By dismissing Gaylene, one of the persons responsible for Tanna and Hope's removal, and by allowing the foster parents, who have cared for Hope since the eleventh day of her life, to intervene, the majority believes the juvenile court has acted unfairly toward Tanna. Accordingly, the majority concludes, "permitting Gaylene to remain as a party will permit an additional party to be in Tanna's corner."[17]
 {¶ 60} The majority's concern that both sides in this matter be evenly matched is misguided and inappropriate. Whether or not the foster parents have been made parties to this action has no bearing on Gaylene's legal standing to participate.
 {¶ 61} Beyond this, the majority's calculus of fairness loses sight of the fact that it is the best interests of the child, Hope Walker, that is the primary and fundamental consideration of this court. In re Cunningham (1979), 59 Ohio St.2d 100, 106;Winfield v. Winfield, 11th Dist. No. 2002-L-010,2003-Ohio-6771, at ¶ 21. As the magistrate below rightly observed earlier in these proceedings: "We are not here to determine what is the best interest of Tanna Howser. We are here to determine the best interest of Hope Walker."
 {¶ 62} The juvenile court's decision to dismiss Gaylene as a party would only be reversible if it were arbitrary, unconscionable, or unreasonable. It is none of these. Accordingly, I respectfully dissent.
[17] The majority has failed to consider that, in prior proceedings, no less than six attorneys were advocating for Tanna's interests: Tanna's attorney; Gaylene's attorney; two attorneys for Thomas Howser; Kim Johnson's attorney; and Tanna's guardian ad litem.