{¶ 44} I concur with the majority in a separate opinion, as I would reverse the trial court in dismissing a grandparent who was made a party to a permanent custody proceeding pursuant to Juv.R. 2(Y) following the parent reaching the age of majority during the pendency of the case.
 {¶ 45} Once an interested or related individual has been made a party to custody litigation they have been considered as necessary pursuant to Civ.R. 24, and have been recognized as having a legal right to, or a legally protected interest in, custody or visitation with the subject of the litigation, in this case the grandchild. In re Goff, 11th Dist. No. 2001-P-0144,2003-Ohio-6768 at 15, citing In re Schmidt (1986),25 Ohio St.3d 331, 338. (Celebrezze, C.J., concurring.)
 {¶ 46} I do not agree with the reasoning of the majority in creating a new standard for determining when a party's right to remain part of the litigation should be terminated. The civil rules already have procedures embodied in Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted and, Civ.R. 56, summary judgment proceedings, whereby non meritorious or extinguished claims can be eliminated.
 {¶ 47} Upon her joinder, the grandmother was determined to be a proper participant when she was permitted to intervene. The real question is not whether the grandmother continues to be a necessary party or has a legally protected right to participate, but whether she still has a legally protected claim. In the case at bar, the grandmother may seek to gain custody of her grandchild, or her participation may be necessary to assist her daughter to regain custody due to assertions by CHS that the daughter suffers from mental retardation and may need her own mother to adequately parent her child if she should regain custody. This, in and of itself, substantiates the grandmother's participation in the case.
 {¶ 48} I respectfully concur.