In re **H.W.**

[Cite as *In re H.W.,* 114 Ohio St.3d 65, 2007-Ohio-2879.]

(No. 2006–0676—Submitted February 27, 2007—Decided June 27, 2007.)

LANZINGER, J.

{¶ 1} In this case, we determine whether a trial court abuses its discretion when it removes a child's grandparents as parties to an action for permanent custody after the child's parent reaches the age of majority. Because we hold that a trial court does not abuse its discretion in such an instance, we reverse and remand for further proceedings consistent with this opinion.

Facts

{¶ 2} At age 15, Tanna Howser, n.k.a. Tanna Howser–Walford, gave birth to H.W. in 1999 while living at home with her parents, Gaylene and Thomas Howser. Also living at the home was the child's 27–year–old father, and he and Tanna had engaged in sexual relations with her parents' knowledge and consent.

{¶ 3} At 12 days old, H.W. was removed from Tanna's care and taken into temporary custody by Ashtabula County Children Services Board ("Children Services"). Children Services filed a motion for permanent custody, and H.W. was placed in the home of Angela and Michael Williams, a "foster to adopt" family. About three months after her child was removed by the agency, Tanna herself was removed from her parents' home because they continued to allow the

27–year–old father of H.W. to reside with them. Tanna was eventually placed in the custody of Kimberly Johnson, who has since requested custody of H.W. also.

{¶ 4} In 2001 and 2002, hearings regarding H.W.'s permanent custody were held before a magistrate, who recommended that Children Services be granted permanent custody. The trial court adopted the magistrate's recommendation and granted Children Services' motion for permanent custody.

{¶ 5} H.W.'s mother, Tanna, H.W.'s grandmother, Gaylene, and Tanna's legal guardian, Kim Johnson, all appealed the trial court's judgment. Holding that the trial court had admitted inadmissible hearsay statements, the court of appeals reversed the trial court's judgment and remanded for further proceedings. A magistrate conducted another hearing, and in 2004, the trial court once more granted Children Services' motion for permanent custody. Tanna and Gaylene both appealed, and the court of appeals again reversed and remanded the case for a hearing de novo. *In re Walker,* 162 Ohio App.3d 303, 2005-Ohio-3773, 833 N.E.2d 362.

{¶ 6} Following this second remand, Children Services filed a motion to remove H.W.'s grandparents, Thomas and Gaylene, from the action, arguing that they were no longer necessary parties because Tanna was no longer a minor. The motion to remove relied upon language in the appellate decision requiring that "the trial court's determination of [Children Services'] motion [for permanent custody] should be based on the status of the parties, including their current ages, at the time of the de novo hearing." Id. at ¶ 47. Gaylene opposed the motion to remove, claiming that because she was a necessary party at the time the child was removed from Tanna's care, she remained a necessary party throughout the action. The trial court granted the agency's motion to remove the grandparents, but did not articulate its specific reasons for doing so.

{¶ 7} Gaylene appealed her removal, and the court of appeals reversed the trial court's decision. *In re Walker,* 11th Dist. No. 2005–A–0067, 2006-Ohio-739, 2006 WL 389596. In a split decision, the court of appeals found that the trial court had abused its discretion in removing the grandmother as a party. Children Services now appeals that decision.

{¶ 8} We accepted this matter as a discretionary appeal to decide whether a trial court abuses its discretion when it removes a child's grandparents as parties to a permanent-custody action after the child's parent reaches the age of majority. To constitute an abuse of discretion, the decision of the trial court must be more than an error of law or judgment; it must result from an attitude that is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

Analysis

{¶ 9} We recognize that ideally, grandparents will be bound to their grandchildren not only by ties of blood, but by ties of love and affection. Unfortunately, the world we live in is not always an ideal one, and at times, it becomes necessary to determine what legal rights grandparents have to their grandchildren. Grandparents may be granted visitation rights upon their motion in certain circumstances, when such rights are found to be in the best interest of the grandchild. R.C. 3109.051(B)(1) (in a divorce, dissolution, annulment, or child-support proceeding); 3109.11 (when the child's parent is deceased); 3109.12 (when the child's mother is unmarried). Grandparents may also acquire legal rights through other means, such as filing a motion for temporary or permanent custody, which would then give them standing to intervene in a custody hearing. *In re Schmidt* (1986), 25 Ohio St.3d 331, 336, 25 OBR 386, 496 N.E.2d 952. However, as a general rule, these are the only avenues through which grandparents may obtain rights relative to their grandchildren. The law does not provide grandparents with inherent legal rights based simply on the family relationship. *In re Whitaker* (1988), 36 Ohio St.3d 213, 215, 522 N.E.2d 563. We have also recognized that their legal rights may be limited. See *Schmidt*, 25 Ohio St.3d at 336, 25 OBR 386, 496 N.E.2d 952 ("[The grandparents'] visitation privilege cannot reasonably be construed as an absolute or constitutionally protected 'right' of association").

{¶ 10} Grandparents possess limited legal rights in juvenile proceedings through the operation of the Juvenile Rules. Specifically, Juv.R. 2(Y) defines a "party" as "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, *or if the parent of a child is a child, the parent of that parent,* in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." (Emphasis added.) Thus, this rule grants a child's grandparents the right to be automatically joined as necessary parties to a custody hearing if, and only if, the child's parent or parents are under the age of majority.

{¶ 11} We disagree with the concurring opinion in the court of appeals that prior participation in a legal proceeding alone gives rise to a vested legal interest in that proceeding. The Rules of Civil Procedure apply to custody proceedings in juvenile court except when they are clearly inapplicable, Civ.R. 1(C)(7), and *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 360, 626 N.E.2d 950. The Civil Rules are not "clearly inapplicable" here, especially in light of Juv.R. 45, which provides, "If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule." Thus, we turn to the Civil Rules for guidance. Civ.R. 24 allows parties to join in an action when they have a legal interest or right in the proceeding. The Rules of Civil Procedure further empower trial courts to

remove parties upon "motion of any party or of its own initiative at any stage of the action and on such terms as are just." Civ.R. 21. Correspondingly then, there is no reason why a party should not be removed when he or she no longer has any legal interest. The same standards should apply to removal of parties under Juv.R. 2(Y). A court may remove a party when it is just to do so; no separate standard of evaluation for removal is required for juvenile courts.

{¶ 12} When Children Services first sought to obtain permanent custody of H.W., Tanna, the child's mother, was under the age of majority. Thus, as required by Juv.R. 2(Y), Gaylene, who is both Tanna's mother and the child's grandmother, was joined as a necessary party. Gaylene did not have a pending claim for temporary or permanent custody of the child, nor did she take any other action that would give rise to a legal right independent of that provided by Juv.R. 2(Y).

{¶ 13} We cannot say then that the trial court abused its discretion when it granted Children Services' motion to remove Gaylene as a party. The only legal interest Gaylene had in the proceeding was provided by Juv.R. 2(Y) because she was the mother of Tanna, who was not yet 18. When the motion to remove Gaylene was filed, Tanna had turned 18, and the rule no longer required her mother to be joined as a party. Furthermore, the court of appeals had instructed that a de novo hearing be conducted, explicitly ordering that the current age of the parties be considered. Faced with these instructions and the fact that the grandmother had no remaining legal interest in the case, the trial court properly exercised its discretion when it removed her as a party to the permanent-custody proceedings.

## Conclusion

{¶ 14} Accordingly, we hold that a trial court does not abuse its discretion when, after a parent, or parents, involved in a custody proceeding reach the age of majority, it removes as parties to the action the child's grandparents, who have no independent legal interest or rights in the proceeding. This holding does not require automatic removal of grandparents as parties simply because the parent of the child in question has reached the age of majority, however. Juv.R. 2(Y) grants the trial court discretion to join as a party "any other person specifically designated by the court." Thus, while a court does not abuse its discretion in removing grandparents as parties when they are no longer necessary under Juv.R. 2(Y) and when the grandparents have no independent legal interest in the case, the court may exercise its discretion and allow them to remain, if circumstances warrant it and it is just to do so.

{¶ 15} In this case, the trial court properly exercised the discretion given it under the Juvenile Rules when it granted the motion to remove Thomas and Gaylene Howser.

{¶ 16} The judgment of the court of appeals is reversed.

Judgment reversed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and CUPP, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

---

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 17} I concur in the syllabus because it relates to general circumstances. I dissent because in the case before us, I believe that the trial court abused its discretion. I agree with Judge O'Toole that the grandmother's "participation may be necessary to assist her daughter to regain custody due to assertions by CHS that the daughter suffers from mental retardation and may need her own mother to adequately parent her child if she should regain custody." *In re Walker,* 11th Dist. No. 2005–A–0067, 2006-Ohio-739, 2006 WL 389596, ¶ 47 (O'Toole, J., concurring). In such a circumstance, I do not believe that it is just to remove as a party a grandparent who was properly before the court just because her child reached the age of majority. Accordingly, I concur in part and dissent in part.

---

Timothy J. Bojanowski and Laura DiGiacomo, for appellant, Ashtabula County Children Services Board.

Jonathan Winer, for appellee Gaylene Howser.

Phillip Heasley, for appellee Tanna Howser–Walford.

Tracey K. O'Day, urging reversal for amicus curiae, Tracey K. O'Day, guardian ad litem.