CONCURS, SAYING:
 {¶ 22} While I agree with the result reached by the majority, I write separately to espouse the standard of review that applies when grandparents appeal from a trial court's denial of their motion to intervene in custody proceedings. *Page 11 
 {¶ 23} In re M.S. set forth this Court's standard of review as follows:
 "An appellate court reviews a decision regarding a motion to intervene under an abuse of discretion standard. In re C .M, 9th Dist. No. 21720, 2004-Ohio-1984, at ¶ 18, citing In re Goff, 11th Dist. No. 2001-P-0144, 2003-Ohio-6768, at ¶ 11. * * * `[Intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legal right to or a legally protectable interest in the custody or visitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these circumstances are present, a denial of grandparents' motion to intervene would constitute an abuse of discretion.' (Emphasis omitted.) In re C. M.
at ¶ 21, quoting In re Goff at ¶ 15." In re M.S., 9th Dist. No. 22158, 2005-Ohio-10, at ¶ 30.
We have consistently applied this standard in such appeals. See In reCM., supra. See, also, State ex rel. Strategic Capital Investors, Ltd.v. McCarthy (1998), 126 Ohio App.3d 237, 247-48 (applying abuse of discretion standard to denial of motion to intervene). Furthermore, the Ohio Supreme Court has applied an abuse of discretion standard when considering a grandparent's appeal from a trial court's ruling on a motion to intervene. In re Schmidt (1986), 25 Ohio St.3d 331, 336 ("The final issue properly before the court is whether the juvenile court abused its discretion in failing to grant the [grandparents'] motion to intervene.").
 {¶ 24} In re Schmidt involved an appeal from a trial court's denial of two grandparents' motion to intervene pursuant to Civ. R. 24(A). SeeIn the Matter of: Schmidt (Jan. 10, 1985), 8th Dist. Nos. 48122, 48123, 48124 48144, at *3. After the appellate court affirmed the trial court's decision to deny the intervention, the grandparents further appealed to the Ohio Supreme Court. The Ohio Supreme Court analyzed the grandparents' claim that they should have been allowed to intervene as a matter of right under both R.C. 3109.28 and Civ. R. 24(A). In reSchmidt, 25 Ohio St.3d at 335-37. The grandparents never sought to intervene under Civ. R. 24(B), so the Supreme Court's analysis pertained only to Civ. R. 24(A). In affirming the lower court decision, the Court found that "the denial of the [grandparents'] motion to intervene was *Page 12 
not an abuse of discretion." Id. at 337. Consequently, the Supreme Court applied an abuse of discretion standard to the grandparents' Civ. R. 24(A) motion to intervene. See, also, Univ. Hosps. of Cleveland, Inc. v.Lynch, 96 Ohio St.3d 118, 2002-Ohio-3748, at ¶ 47-51 (assessing the timeliness of a motion to intervene pursuant to Civ. R. 24(A) and concluding the trial court "did not abuse its discretion in denying intervention").
 {¶ 25} As the majority found that the trial court properly denied the grandparents' motion to intervene in this matter, I concur in the Court's judgment. *Page 1