OPINION
{¶ 1} Appellants, Robert and Tracey Ramsey, appeal a decision of Clermont County *Page 2 
Juvenile Court denying their motion to intervene.[1] For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} Appellants are the maternal grandfather and stepgrandmother of the children whose custody is at issue in this case. On August 30, 2006, the Clermont County Department of Jobs and Family Services filed a complaint alleging that the children were dependent and emergency custody was awarded to the agency. On September 18, 2006, appellants filed a motion for custody. A home study was conducted by the Department of Jobs and Family Services in Brown County, where appellants reside, and submitted to the agency on October 12, 2006. On March 14, 2007, appellants moved to intervene. Based upon the stipulations of the parents, the trial court entered a finding that the children were dependent on March 19, 2007. A hearing was held on the motion to intervene on June 1, 2007. Thereafter, the trial court made findings of fact related to the suitability of appellants as a placement for custody and denied the motion to intervene. Appellants appealed the decision, to raising nine assignments of error, as follows:
 {¶ 3} First Assignment of Error:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DENYING THE RAMSEY'S [SIC] MOTION TO INTERVENE"
 {¶ 5} Second Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN FAILING TO ADDRESS THE BEST INTEREST OF THE MINOR CHILDREN"
 {¶ 7} Third Assignment of Error:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS IN FINDING MR. RAMSEY LACKED STABLE EMPLOYMENT." *Page 3 
 {¶ 9} Fourth Assignment of Error:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN RELYING ON REMOTE CRIMINAL HISTORIES."
 {¶ 11} Fifth Assignment of Error:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN FINDING THE RAMSEY'S [SIC] LACKED HEALTH INSURANCE AS A FACTOR TO DENY THE RAMSEY'S [SIC] VARIOUS MOTIONS."
 {¶ 13} Sixth Assignment of Error:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN ADOPTING OR RELYING ON THE HOME STUDY OF THE BROWN COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES."
 {¶ 15} Seventh Assignment of Error:
 {¶ 16} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN FINDING THE RAMSEY'S [SIC] HAD NOT REBUTTED THE FINDINGS AND CONCLUSIONS OF THE HOME INVESTIGATION REPORT."
 {¶ 17} Eighth Assignment of Error:
 {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DENYING OR NOT ADDRESSING THE RAMSEY'S [SIC] REQUEST FOR A NEW SHELTER CARE HEARING."
 {¶ 19} Ninth Assignment of Error:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DENYING THE GRANDPARENTS THE OPPORTUNITY TO PROVIDE STABILITY AND SECURITY FOR THEIR GRANDCHILDREN."
 {¶ 21} Assignments of error two through seven each present issues arising under the first assignment of error. As such, these issues will be discussed together under the first *Page 4 
assignment of error. Appellants had no legal interest in the care or custody of their grandchildren that would have allowed them to intervene as of right. See In re Schmidt (1986), 25 Ohio St. 3d 331, 336. This court must decide whether the trial court abused its discretion when it denied appellants' motion to intervene. Id.
 {¶ 22} In Schmidt, the Ohio Supreme Court indicated that one consideration in determining whether a trial court has abused its discretion in denying a grandparent's motion to intervene is whether the grandparents "ever stood in loco parentis to" the grandchildren or "ever exercised significant parental control over, or assumed any parental duties for the benefit of" them. Id.; In the Matter of J.W. (Mar. 27, 2007), Franklin App. Nos. 06AP-864, 06AP-1062, 06AP-875, 2007-Ohio-1419, ¶ 27. In fact, the concurring opinion in Schmidt at 338, written by then Chief Justice Celebrezze, went so far as to say the following:
 {¶ 23} "Intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legal right to or a legally protectible interest in custody or visitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these circumstances are present, it is my view that a denial of the grandparents' motion to intervene would constitute an abuse of the juvenile court's discretion."
 {¶ 24} Other Ohio Courts of Appeals, relying on Schmidt, have found that a trial court abuses its discretion in denying a motion to intervene when it fails to consider whether a grandparent has stood in loco parentis or has otherwise exercised significant parental control over or assumed parental responsibilities for the child. In the Matterof Hartley, Athens App. No. 1399, 1988 WL 106642, at * 2; In re TitionnaK. (Apr. 20, 2007), Lucas App. No. L-06-1232, 2007-Ohio-1861,¶ 4.
 {¶ 25} In the case at bar, the trial court focused exclusively on whether appellants *Page 5 
represented a suitable placement for the children. As a result, in determining whether appellants were permitted to intervene in the matter, the trial court failed to address the issues outlined as relevant by the Ohio Supreme Court in Schmidt. Accordingly, we find that the trial court abused its discretion when it denied appellants' motion to intervene. We remand this cause to the trial court to determine, as required under Schmidt, whether appellants have ever stood in loco parentis or otherwise exercised significant parental control over or assumed parental responsibilities for the children, and based on the those factors, whether to grant their motion to intervene.
 {¶ 26} Next we address appellants' remaining assignments of error. Appellant's notice of appeal, in accordance with App.R. 3(D), designated the judgment appealed from as the judgment entered by the Court of Common Pleas, Juvenile Division, Clermont County, Ohio on June 1, 2007, which is the decision that denied the motion to intervene. That judgment did not address any of appellants' other motions before the trial court. To the extent that appellants' arguments under their eighth and ninth assignment of error raise issues not addressed by the trial court's judgment denying their motion to intervene, appellants have raised issues outside the scope of this appeal. For this reason, we decline to address appellants' request for a new shelter care hearing. Further, to the extent that the assignments of error address the trial court's discussion regarding their suitability as a placement for the children, we determined in our discussion above that the trial court improperly considered those issues in its decision. Accordingly, any determination as to the suitability of appellants as a placement for the children is not ripe for review on this appeal.
 {¶ 27} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J. and WALSH, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar for purposes of issuing this opinion *Page 1