DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that denied appellant's motion to withdraw a plea of no contest. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} In May 2005, appellant was arrested after she fled from police when they attempted to serve a warrant on her for violating the terms of her community control *Page 2 
imposed in 2002, following a conviction of one count of falsification. As a result of that incident, appellant was indicted in June 2005, on one count of failure to comply/fleeing and eluding police in violation of R.C. 2921.331(B) and (C)(5)(a)(ii); one count of failure to comply in violation of R.C. 2921.331(A); one count of resisting arrest in violation of R.C. 2921.33(A), and one count of grand theft of a motor vehicle in violation of R.C. 2913.03. The charge of grand theft motor vehicle was later dismissed.
 {¶ 3} The record reflects that in November 2006, during the course of negotiations involving cases pending against appellant in Erie, Cuyahoga and Ottawa Counties, a global settlement was reached which provided, in part, that appellant would file a motion to suppress and/or motion to dismiss the charges in the Erie County case now before us and that, if those motions were denied, she would enter no contest pleas to the charges. Appellant thereafter filed a motion to suppress evidence obtained as a result of her 2005 arrest and a motion to dismiss the indictment in this case. In February 2007, a hearing was held on appellant's motions; testimony was heard and exhibits were introduced. On February 22, 2007, the trial court denied appellant's motions.
 {¶ 4} In accordance with the extended plea agreement reached in 2006, a hearing was held on March 7, 2007, in the Erie County Court of Common Pleas in order for the court to accept the plea agreement as negotiated. After what is best described as a lengthy, meticulous and appropriate colloquy between the trial court, appellant, her attorneys and the prosecutor, appellant entered pleas of no contest to the charges of felony fleeing, failure to comply and resisting arrest. The trial court accepted the pleas *Page 3 
and entered findings of guilty as to felony fleeing and failure to comply and not guilty as to resisting arrest. The matter was continued for sentencing. However, on April 18, 2007, appellant filed a motion to vacate her no contest pleas, asserting that they were not given freely, voluntarily and intelligently. Appellant asserted that she was coerced into entering the pleas and that her competency had been adversely affected at the time because she was denied her anti-anxiety medication.
 {¶ 5} On April 23, 2007, the matter was called for sentencing. At that time, the trial court indicated that it had considered appellant's motion to withdraw her pleas, denied the motion and proceeded to sentencing. The trial court emphasized that it was "fully, completely satisfied that [appellant], a very educated woman, was competent at the time the pleas were made, that she understood the nature, the penalties, the statutes in question * * *." In its judgment entry filed May 4, 2007, the trial court again thoroughly explained its reasons for denying appellant's motion to withdraw her pleas. The trial court stressed that it had vigorously adhered to Crim. R. 11 in accepting the pleas on March 7, 2007, and acknowledged that appellant "is a very bright person and a former attorney * * *." The trial court found that appellant had "knowingly, voluntarily and intelligently waived her rights and voluntarily entered a plea in accordance with Criminal Rule 11 and Ohio and Federal Law." The court noted that a hearing was held on the motion and that it had listened attentively to defense counsel's argument. The court concluded that "* * * after considering the mountain of evidence in this matter against this defendant * * * there is no clear defense for her * * *." *Page 4 
 {¶ 6} Appellant now sets forth the following assignments of error:
 {¶ 7} "Assignment of Error No. I: The trial court committed reversible error in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 3, 11 and 14 of the Ohio Constitution when it failed to suppress evidence obtained from the unconstitutional arrest of the defendant-appellant. [Feb. 22, 2007 J.E.]
 {¶ 8} "Assignment of Error No. II: The lower court erred when it failed to dismiss the indictment based upon selective prosecution in violation of the First and Fourteenth Amendments to the United States Constitution and Article I., Sections 2 and 11 of the Ohio Constitution. [Feb. 22, 2007 J.E.]
 {¶ 9} "Assignment of Error No. III: The defendant appellant's no contest pleas were not freely, voluntarily, and intelligently given and the pleas were accepted in violation of Rule 11 of the Ohio Rules of Criminal Procedure and the Fourteenth Amendment to the United States Constitution. [Mar. 7, 2007 Plea Hrg. Tr. pp. 1-56; April 23, 2007 Sentencing Tr. pp. 10-14, 43-44; May 4, 2007 J.E.]"
 {¶ 10} As her first and second assignments of error, appellant argues that the trial court erred by denying her motion to suppress evidence obtained as a result of her arrest and her motion to dismiss the indictment. The record reflects that, following a lengthy oral hearing held on February 20, 2007, the two motions were denied by judgment entry filed on February 22, 2007. In the case before us, appellant's notice of appeal, filed on June 1, 2007, reflects that the appeal is from the judgment dated May 4, 2007, which *Page 5 
denied her motion to withdraw her guilty pleas. There is no reference to an appeal from the denials of the motion to dismiss the indictment or the motion to suppress. Pursuant to App. R. 3(D), a notice of appeal "shall designate the judgment, order or part thereof appealed from[.]" The purpose of a notice of appeal is to notify appellees of the appeal and advise them of "`just what appellants * * * [are] undertaking to appeal from.'" State v. Collier, 2d Dist. No. 20131, 2005-Ohio-119, ¶ 33, quoting Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426,428. Consequently, an appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal. Id. (Citations omitted.) Here, appellant's notice of appeal designated the judgment appealed from as the judgment entered by the Court of Common Pleas, Erie County, on May 4, 2007, which is the decision that denied her motion to withdraw her no contest pleas. That judgment did not address any of appellant's other motions previously before the trial court. Because appellant's arguments under her first and second assignments of error concern issues not addressed by the trial court's judgment denying the motion to withdraw, appellant has raised issues outside the scope of this appeal. See In re B.Children, 12th Dist. No. CA2007-06-077, 2008-Ohio-354, ¶ 26. Therefore, appellant's arguments as to the judgment entries denying the two earlier motions are not properly before us and her first and second assignments of error are therefore moot.
 {¶ 11} In support of her third assignment of error, appellant asserts that she did not give her no contest pleas knowingly, intelligently or voluntarily and that the pleas were *Page 6 
accepted by the trial court in violation of Crim. R. 11. Appellant argues that the trial court therefore erred by denying her motion to withdraw her pleas.
 {¶ 12} Crim. R. 32.1 allows an offender to file a motion to withdraw a guilty plea prior to sentencing. The general rule is that a presentence motion to withdraw a guilty plea is "treated with liberality." State v.Xie (1992), 62 Ohio St.3d 521, 526, quoting Barker v. United States
(C.A. 10, 1978), 579 F.2d 1219, 1223. Nevertheless, because an offender has no absolute right to withdraw his or her guilty plea prior to sentencing, the final decision is "still within the sound discretion of the trial court." Xie at 527. Accordingly, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id. In order for this court to find that the trial court abused its discretion, we must conclude that the court's ruling was unreasonable, arbitrary or unconscionable. Id.
 {¶ 13} It is well-established that in reviewing a trial court's decision regarding a motion to withdraw a plea, we are required to weigh a number of non-exhaustive factors. State v. Eversole, 6th Dist. Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13 (Citation omitted.). These factors include: (1) whether the prosecution would be prejudiced if the plea were vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim. R. 11 hearing; (4) whether there was a full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the *Page 7 
withdrawal; (8) whether the accused understood the nature of the charges and possible penalties and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. State v. Fish (1995),104 Ohio App.3d 236, 240.
 {¶ 14} As to the first factor, we find that the prosecution clearly would have been prejudiced to a certain extent if the plea were vacated. Appellant's case had been pending since 2005, and if the plea were vacated the state would have been forced to go to trial with witnesses testifying to an event that occurred well over two years earlier. As to the second factor, a review of the transcript of the plea hearing indicates that appellant was represented by competent counsel. In fact, appellant appeared at the plea hearing with two attorneys arguing her case. The trial court noted during the hearing that her attorneys had argued very strongly on her behalf.
 {¶ 15} We next turn to whether appellant was afforded a full Crim. R. 11 hearing. The record indicates that the trial court conducted a full hearing before accepting appellant's pleas. All counsel and appellant were afforded numerous opportunities to speak. At the outset of the hearing, appellant stated that she had not been given an opportunity to see the potential plea agreement in writing. Because of this claim, the trial court went to great lengths to outline the plea agreement and question appellant as to her understanding of it. After appellant spoke at length about various concerns related to her case, the prosecutor reviewed in detail the terms of the plea agreement, reminding appellant and the court that the agreement had been negotiated with appellant in November 2006. The prosecutor reviewed the offenses to which appellant would plead *Page 8 
no contest, the agreement that any sentence would run concurrent with the sentence in her Cuyahoga case, and the agreement that the matter would be referred for a presentence investigation. Appellant's counsel indicated that the prosecutor's statement of the plea agreement was acceptable to him and to his client. The trial court then proceeded to a full Crim. R. 11 colloquy with appellant. The court reviewed in great detail the nature of the pleas as tendered, possible maximum sentences and fines, and community control conditions; when asked, appellant indicated that she understood. Appellant also stated that she understood the constitutional rights which she was waiving by entering her pleas. Finally, appellant responded that she knowingly, intelligently and voluntarily entered the pleas. After the written plea form was executed by the prosecutor and defense counsel, the trial court asked appellant if she had any questions about anything that had taken place in court during the hearing; appellant responded that she did not.
 {¶ 16} As to factors four, five, six and seven, it is clear from the record that a full hearing was held on the motion to withdraw the pleas, that the motion was made within a reasonable time and set forth specific reasons for the withdrawal, and that the trial court gave full and fair consideration to appellant's motion. As to the eighth factor, based on our summary above of the plea hearing and appellant's responses to the trial court's inquiry, we find that appellant understood the nature of the charges and possible penalties. At the hearing on appellant's motion to withdraw her pleas, she argued that she did not know any of the details of the agreement prior to the hearing. That claim is questionable at best, since appellant was present at the November 2006 hearing at which *Page 9 
her extended plea agreement was negotiated. Nevertheless, it is clear from the record, as summarized above, that as the plea hearing progressed, appellant gained an understanding of the details and entered her pleas knowingly, intelligently and voluntarily. Finally, as to the ninth factor, we find that the trial court considered the state's evidence against appellant and her possible defenses. In its judgment entry denying the motion to withdraw, the trial court stated that "* * * after considering the mountain of evidence in this matter against this defendant this court finds that there is no clear defense for her in this matter."
 {¶ 17} After reviewing all of the above factors, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw her guilty pleas. Appellant's third assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1