[Cite as *In re N.M.*, 2016-Ohio-7967.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104498**

# IN RE: N.M., ET AL.
## Minor Children

[Appeal by J.H.M., Grandfather]

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-14-915620 and AD-14-915621

**BEFORE:** Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEY FOR APPELLANT**

Kevin J.M. Senich
4438 Pearl Road
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

**For C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Willie Mitchell
Joseph C. Young
Assistant Prosecuting Attorneys
Jane Edna Hunter Building
3955 Euclid Avenue, Room 305-E
Cleveland, Ohio 44115

**For Guardian Ad Litem**

Susan K. Jankite
1253 Arlington Road
Lakewood, Ohio 44107

**For Mother**

John Patrick Hyland
Cuyahoga County Public Defender
9300 Quincy Avenue, 5th Floor
Cleveland Ohio 44106

**For M.J.**

Daniel J. Bartos
Bartos & Bartos, L.P.A.
20220 Center Ridge Road, Suite 320
Rocky River, Ohio 44116

PATRICIA ANN BLACKMON, J.:

{¶1} J.H.M. ("Grandfather") appeals from the trial court's denial of his motion to intervene in this permanent custody case regarding his grandchildren N.M., whose date of birth is March 11, 2010, and R.M., whose date of birth is June 8, 2013. Grandfather assigns the following error for our review:

> I. The trial court abused its discretion by denying appellant's motion to intervene in the permanent custody action(s) brought by CCDCFS.

{¶2} Having reviewed the record and pertinent law, we reverse and remand to the juvenile court. The apposite facts follow.

{¶3} On December 16, 2014, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint for dependency and emergency temporary custody regarding N.M. and R.M. The court held a hearing on this motion on January 9, 2015. The CCDCFS social worker testified that N.M. and R.M. had a history with the agency dating back to when each child tested positive for drugs at birth. The social worker further testified that in August 2014, mother was arrested for child endangerment for leaving N.M. and R.M. "unsupervised out in the street for a lengthy period of time, and mother was asleep in the basement." The children's mother tested positive for drugs at the time.

{¶4} According to the social worker, the children's mother and father have substance abuse problems and had "not complied with any of [CCDCFS's] drug screen requests for the last several months." The magistrate adjudicated the children dependent

and ordered that they be committed to the emergency temporary care and custody of CCDCFS.

**{¶5}** On January 12, 2015, Grandfather filed a motion to intervene and a motion to set emergency hearing, seeking custody of N.M. and R.M. On January 14, 2015, the magistrate denied Grandfather's motions, finding that he lacked standing to intervene. On January 25, 2015, the court adopted the magistrate's January 9, 2015 decision committing the children to the emergency custody of CCDCFS.

**{¶6}** On March 3, 2015, the parents stipulated to an adjudication of dependency regarding N.M. and R.M., and the court held a dispositional hearing on March 5, 2015. The social worker testified that, although CCDCFS had investigated various relatives for potential placement of N.M. and R.M., there were "no approved relatives to place the children with * * * at this time." The social worker, prosecutor, and the children's guardian ad litem ("GAL") recommended that, in the best interest of the children, CCDCFS be granted temporary custody. The magistrate granted CCDCFS's motion for temporary custody and placed the children in foster care. Additionally, the magistrate found that "[n]o relatives are willing and able to provide substitute care." On March 13, 2015, the court adopted the magistrate's decision and overruled the children's father's objections.

**{¶7}** On May 11, 2015, Grandfather filed a motion to determine custody, requesting visitation time with N.M. and R.M.[1] On May 27, 2015, Grandfather filed a

---

[1]Although unclear from the docket, it does not appear that the court ruled on

second motion to intervene pursuant to Civ.R. 24. On June 15, the magistrate issued an order summarily denying Grandfather's motion to intervene. Grandfather objected, but on July 6, 2015, the court overruled Grandfather's objections and adopted the magistrate's decision denying the motion to intervene.

{¶8} On November 16, 2015, CCDCFS filed a motion to modify temporary custody to permanent custody. On November 23, 2015, the GAL recommended that temporary custody be extended and that the agency continue to provide services to mother "who at least presents as willing to accept" the children. On January 15, 2016, Grandfather filed a motion for legal custody of N.M. and R.M. pursuant to R.C. 2151.353(A)(3).[2] In February 2016, the children's mother died of a drug overdose. On April 1, 2016, Grandfather filed a third motion to intervene pursuant to Civ.R. 24(B). On April 22, 2016, the court summarily denied Grandfather's motion. It is from this order that Grandfather appeals.

## Res Judicata and Final Appealable Order

{¶9} In the case at hand, CCDCFS argues that the doctrine of res judicata bars Grandfather's third motion to intervene, "because the trial court had denied motions to

Grandfather's motion to determine custody.

[2]Although unclear from the docket, it does not appear that the court ruled on Grandfather's motion for custody.

intervene filed by [Grandfather] on two prior occasions."  However, the Ohio Supreme Court has held that "[t]here is no authority to support the general proposition that a [ruling on a] motion to intervene always constitutes a final, appealable order."  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 36.

{¶10} In *Gehm*, the court held that, to determine whether a denial of a motion to intervene is a final, appealable order, courts apply "the fact-dependent statutory analysis required by R.C. 2505.02."  *Id.* at ¶ 36.  Additionally, in *In re Young Children*, 119 Ohio St.3d 1442, 2008-Ohio-4487, 893 N.E.2d 514,[3] the Ohio Supreme Court determined that a conflict existed among the district courts of appeals regarding the following issue: "Whether the denial of a grandparents' motion to intervene in a permanent custody case is a final, appealable order."

{¶11} The Eleventh District Court of Appeals found that the denial of the grandparent's motion to intervene in a permanent custody case was a final, appealable order in *In re Goff*, 11th Dist. Portage No. 2001-P-0144, 2003-Ohio-6768.  Specifically, the court concluded that a "finding that the current order was not a final appeallable [sic] order would foreclose appellants [sic] only opportunity to be included in the underlying action involving their grandchild."  *Id.* at ¶ 10.  *See also In re C.J.*, 8th Dist. Cuyahoga Nos. 94210 and 94233, 2010-Ohio-3202 (finding that the denial of a motion to intervene filed after permanent custody was awarded to the agency was a final, appealable order).

_____

[3]*In re Young* was ultimately dismissed by the Ohio Supreme Court for failure to file a merit brief.  However, it appears that the certified conflict issue still exists.

**{¶12}** Accordingly, we find that the denial of Grandfather's third motion to intervene was a final, appealable order, because the ruling was made during the permanent custody phase of the proceeding. Grandfather's first two motions to intervene were made during the emergency custody and temporary custody phases, respectively, and the denials of these two motions were interlocutory orders; thus, res judicata does not bar our review of the case at hand.

## Standard for Motion to Intervene in Child Custody Cases

**{¶13}** Grandparents do not have an inherent right to custody of or visitation with their grandchildren. *See In re Whitaker*, 36 Ohio St.3d 213, 214-216, 522 N.E.2d 563 (1988). However, pursuant to Juv.R. 2(Y) and Civ.R. 24(B), a nonparty may intervene in a child custody case when, inter alia, the nonparty's "claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Civ.R. 24(B). Therefore, we review the denial of a Civ.R. 24(B) motion for permissive intervention under an abuse of discretion standard. *In re: A.S.*, 8th Dist. Cuyahoga No. 102697, 2015-Ohio-4386.

**{¶14}** When reviewing a ruling on a grandparent's motion to intervene in permanent custody proceedings, courts take the following into consideration:

> Although R.C. Chapter 2151 does not require that grandparents be made parties to permanent custody proceedings brought by the state against parents, I firmly believe that it is contrary to common sense, compassion and the best interests of the child to deny suitable grandparents their last meaningful opportunity to gain custody of the child.

Intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legal right to or a legally protectible interest in custody or visitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild.

*In re Schmidt*, 25 Ohio St.3d 331, 338, 496 N.E.2d 952 (1986) (Celebrezze, C.J., concurring).

**{¶15}** In loco parentis "exists when [a] person undertakes care and control of another in absence of such supervision by [the] latter's natural parents and in absence of formal legal approval * * *." *Black's Law Dictionary* 787 (6th Ed.1990).

**{¶16}** In the case at hand, the court did not hold a hearing on Grandfather's motion to intervene. Therefore, the record is limited as to how much "parental control" Grandfather exercised over N.M. and R.M. However, there is testimony that when the court granted emergency custody to CCDCFS in December 2014, the children were in the physical custody of Grandfather. Additionally, Grandfather filed an affidavit with his motion to intervene, the pertinent parts of which state as follows:

"At the time proceedings were started by the CCDCFS, the Children were residing with me at my house. Throughout the Children's lives, the Children have either resided in close proximity to me or with me * * *. I provided care for or visited with the Children virtually on a daily basis. I had been providing this child care since the Children were a few weeks old, including feeding, changing, and bathing them and providing all the care any good parent would. I have provided parental care, exercised parental control over the Children, and assumed parental duties for significant periods of the Children's young lives."

**{¶17}** This court recently found that the juvenile court abused its discretion by denying a foster parent's motion to intervene without holding a hearing and without

considering whether intervention would be in the best interest of the children.  *In re R.W.*, 8th Dist. Cuyahoga No. 101742, 2015-Ohio-1031.   On appeal, this court determined that the foster parent stood in loco parentis when the evidence showed that she "cared for the children for nearly ten months prior to filing her motion to intervene." *Id.* at ¶ 18.  This court also found that granting the motion to intervene "would have allowed the trial court to accurately determine the facts" concerning whether the children should be placed with the foster parent.  *Id.* at ¶ 20.

{¶18} The Twelfth District Court of Appeals found that the juvenile court abused its discretion when it denied the grandparents' motion to intervene without considering whether they have ever stood in loco parentis to the children.  *In re B. Children*, 12th Dist. Clermont No. CA2007-06-077, 2008-Ohio-354.  "In the case at bar, the trial court focused exclusively on whether [the grandparents] represented a suitable placement for the children." *Id.* at ¶ 25.  The appellate court found that this was improper, because "any determination as to the suitability of [the grandparents] as a placement for the children is not ripe for review on this appeal."  *Id.* at ¶ 26.

{¶19} In the case at hand, Grandfather repeatedly attempted to have a voice concerning his grandchildren by filing two motions for custody and three motions to intervene.  The juvenile court did not hold a hearing on, nor did it reach the merits of, any of these motions.  In his affidavit, Grandfather claims to have exercised parental control over N.M. and R.M. for most of their lives.  The court summarily denied Grandfather's motion to intervene on April 22, 2016, with no evidence to challenge

Grandfather's claims.   In fact, CCDCFS did not file its brief in opposition to Grandfather's motion to intervene until three days after the trial court made its ruling.

{¶20} Accordingly, we find that Grandfather should have been given a hearing on his motion to intervene.   This case does not stand for the proposition that all grandparents are permitted to intervene, nor are we making any determination about Grandfather's suitability for custody.   Evidence needs to be presented and the record needs to be developed to determine Grandfather's opportunity for permissive intervention.

{¶21} Consequently, under the facts of this case, we conclude that the court abused its discretion by summarily denying Grandfather's motion to intervene without a hearing. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).   *See also State ex rel. Merrill v. Ohio Dept. of Natural Resources,* 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41 ("We construe Civ.R. 24 liberally to permit intervention"); *In re Parsons*, 9th Dist. Lorain No. 95CA006217, 1996 Ohio App. LEXIS 2268 (May 29, 1996) ("So long as a foster parent's participation assists in fully developing adjudicatory facts so that a more informed judgment can be made, the Juvenile Rules would favor, rather than disfavor, intervention").

{¶22} Accordingly, Grandfather's sole assignment of error is sustained, and the juvenile court's order denying Grandfather's April 1, 2016 motion to intervene is

reversed. Case remanded to the juvenile court for proceedings consistent with this opinion.

{¶23} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR